# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3007 | **DATE** | 6/30/2000 |
| **CASE TITLE** | Ella M. Francisco vs. Togo G. West, Jr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants defendant's motion for summary judgment[8-1] as to Francisco's Title VII retaliation and sexual harassment claims, denies Francisco's cross-motion for summary judgment as to those claims, and enters the following briefing schedule on the issue of whether the Court has jurisdiction to enforce Title VII settlement agreements between a federal employee and a government agency: plaintiff's brief due 7/19/2000; defendant's response due 8/2/00; plaintiff's reply due 8/9/00.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 3 2000 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TBK | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELLA M. FRANCISCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Ronald A. Guzman |
| vs. ) | |
| ) | 98 C 3007 |
| TOGO G. WEST, JR., acting ) | |
| Secretary, United States Department ) | |
| of Veterans Affairs, ) | |
| ) | **DOCKETED** |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

JUL 0 3 2000

Plaintiff Ella Francisco ("Francisco") has sued Togo G. West, Jr. as Secretary of the United States Department of Veterans Affairs for: (1) retaliatory discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) intentional discrimination because of her sex under Title VII; and (3) breach of a settlement agreement between the parties. Before the Court are the parties' cross- motions for summary judgment. For the reasons provided in this Memorandum Opinion and Order, the Court grants defendant's motion for summary judgment as to Francisco's Title VII retaliation and sexual harassment claims, denies Francisco's cross-motion as to those claims, and enters a briefing schedule on the issue of whether the Court has jurisdiction to enforce Title VII settlement agreements between a federal employee and a government agency.

18

# FACTS[1]

Francisco is an employee of the United States Department of Veteran Affairs ("DVA"). (Def.'s LR 56.1(a) ¶ 1. In 1995, Francisco, who worked as a contract specialist in Acquisition and Material Management Service at the Chicago Westside Veterans Administration Hospital, filed a complaint with DVA's Equal Employment Opportunity Director alleging that her supervisor had sexually harassed her. (*Id.* ¶ 3.) Francisco and DVA entered a settlement agreement, which required her to withdraw with prejudice her complaint and required DVA to permanently transfer her away from the allegedly harassing supervisor to a position outside of Acquisition and Material Management Service. (*Id.* ¶ 4.)

After Francisco and DVA entered the settlement agreement, DVA transferred Francisco to Recreation Therapy Service at the same hospital. (Pl.'s LR 56.1(b) ¶ 20.) Her job title was Contract Specialist, GS-1102-9, Recreation Therapy Service. (Def.'s LR 56.1(a) ¶ 8.) Her job involved fiscal, budgetary, administrative, and recreation therapy duties. (*Id.*)

In August 1997, DVA implemented a reduction in force plan ("RIF") that eliminated a number of positions at the hospital. (*Id.* ¶ 9.) Although the position that Francisco held at the time of the RIF was not eliminated, she was nonetheless affected by the RIF because other employees whose positions were eliminated had greater retention standing than Francisco. (*Id.* ¶ 10, 11.) Mardie Brown, the individual with the highest retention standing, displaced Francisco in the position of Contract Specialist, Recreation Therapy Service. (*Id.* ¶ 12.)

---

[1]The following facts are either undisputed or deemed admitted because the party's response did not refute the other party's statement of fact and/or was unsupported by a citation to the record as required by LR 56.1(a) and LR 56.1(b), which this Court strictly enforces.

During the RIF notice period (the period starting with the issuance of the RIF letters and ending with the effective date of the RIF), DVA sent Francisco a RIF letter that informed her that she was being displaced from her position. (*Id.* ¶ 13.) She was offered the position of Claims Clerk, GS-998-5, in Medical Administration Service and accepted the position. (*Id.*)

During the RIF notice period, changes occurred to the initial RIF offers if positions became available which entitled employees to better offers. (*Id.* ¶ 14.) Subsequent to DVA's sending the first RIF letter to Francisco, DVA found that additional vacancies could be added to the list of positions used as RIF offers. (*Id.*) Thus, when the RIF was rerun, DVA issued Francisco a second RIF offer for the position of Secretary (OA), GS-318-06, Audio and Speech Pathology Service, which was a grade level higher than that of the previously offered position. (*Id.*) On June 2, 1997, Francisco accepted the second RIF offer. On July 30, 1997, DVA issued a third RIF offer of Supply Technician, GS-2005-07, which was a grade level higher than the second RIF offer. (*Id.* ¶ 15.) However, the Supply Technician position would have required Francisco to return to work in Acquisition and Material Management Service, the department in which she had worked immediately prior to the settlement agreement (*Id.*) The third RIF offer letter stated that due to the settlement agreement, DVA was making an alternative placement offer of the Secretary position in Audio and Speech Pathology Service, which was the same offer as that in the second RIF offer. (*Id.*) On July 31, 1997, Francisco declined the Supply Technician position and reaffirmed her acceptance of the second RIF offer. (*Id.* ¶ 15.)

In August 1997, Francisco filed a complaint of discrimination with DVA based on a breach of the settlement agreement. On September 19, 1997, DVA determined that the settlement agreement had not been breached and advised her that she could appeal that

3

determination to the Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations. On October 16, 1997, Plaintiff appealed to the Office of Federal Compliance of the EEOC. Prior to her filing the instant action, more than 180 days had elapsed since the appeal was filed and no final decision had been rendered by the EEOC.[2]

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 56(c) allows the Court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In considering the evidence submitted by the parties, we do not weigh it or determine the truth of asserted matters. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We "must view the facts, and all reasonable inferences drawn therefrom, in a light most favorable to the nonmoving party." *Baron v. City of Highland Park*, 195 F.3d 333, 337 (7th Cir. 1999). If a reasonable jury could not find for the party opposing the motion, it must be granted. *Seshadri v. Kasraian*, 130 F.3d 798, 804 (7th Cir. 1995).

### I. Retaliation

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to

---

[2]*See* 29 C.F.R. § 1614.407(d) ("A complainant who has filed an individual complaint . . . is authorized to file a civil action in the appropriate United States District Court . . . [a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.").

4

discriminate against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that she (1) "engaged in statutorily protected expression;" (2) "suffered an adverse action by her employer;" and (3) "there is a causal link between her protected expression and the adverse action." *Sweeney v. West*, 149 F.3d 550, 555 (7th Cir. 1998).

The first element is undisputed. In 1995, Francisco filed a complaint with DVA's Equal Employment Opportunity Director alleging her supervisor had sexually harassed her. (*Id.* ¶ 3.)

Further, the second element is satisfied because the Court finds that Francisco suffered an adverse action by her employer. While Francisco did not suffer a decrease in salary as a result of the RIF, her grade level was reduced from a Grade 7 to a Grade 6 and it can be reasonably inferred from the record that the requirements of her position changed significantly when she moved from the contract specialist position in Recreation Therapy Service to the secretary position in Audio and Speech Pathology Service. This is sufficient to establish an adverse employment action. *Mirza v. Department of Treasury*, 17 F. Supp. 2d 759, 767 (N.D. Ill. 1998).

Having found that Francisco has established the first two prongs of a *prima facie* case, the Court focuses on whether there is a causal link between Francisco's protected expression and her transfer to the secretary position. With regard to the determination of a causal link, "[t]he obvious place to start is the temporal sequence between the two; oftentimes it is unnecessary to look any further." *Sweeney*, 149 F.3d at 557. A lengthy period of time between a plaintiff's protected expression and the adverse action "discount[s] the causal connection between the two events." *Samuelson v. Durkee/French/Airwick*, 976 F.2d 1111, 1115 (7th Cir. 1992). In this

5

case, Francisco filed an internal grievance in August 1995, two years before the RIF in August 1997. Thus, the RIF action can hardly be described to have occurred on the heels of Francisco's grievance. Such a marked delay in the temporal sequence contraindicates a causal link between the two events. Further, besides the two-year time span between the events, there is no other evidence of a connection between Francisco's sexual harassment complaint and her reassignment pursuant to the RIF. This is wholly inadequate to establish a causal link between her protected expression and the adverse action. Accordingly, the Court grants DVA's motion for summary judgment as to Francisco's retaliation claim and denies Francisco's cross-motion.

## II. Sexual Harassment

A plaintiff "may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). "For sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the plaintiff's] environment and create an abusive working environment.'" *Id.* (quoting *Henson v. Dundee*, 682 F.2d 897, 904 (11th Cir. 1982). "[A] district court must employ a dual standard when evaluating a Title VII sexual harassment claim, considering the likely effect of a defendant's conduct upon a reasonable person's ability to perform his or her work and upon his or her well-being, as well as the actual effect upon the particular plaintiff bringing the claim." *Brooms v. Regal Tube Co.*, 881 F.2d 412, 419 (7th Cir. 1989). Only where plaintiff's sexual harassment claim satisfies both the objective and subjective prong may a Title VII violation exist. *Id.*

Even if the Court were to assume that Francisco could satisfy the subjective test, the

Court finds that she fails the objective test. Francisco argues that the RIF process constituted sexual harassment because several people in personnel told her during the RIF notification period that as part of DVA's third RIF offer, she would have to return to Acquisition and Material Management or have no job at all. While DVA denies these facts, such denial does not raise a genuine dispute as to a material fact. Regardless of any of Francisco's conversations with the personnel department, DVA, pursuant to a bona fide RIF, ultimately offered Francisco an alternative position in Audio and Speech Pathology, she accepted that offer, and she never worked in Acquisition and Material Management again. (Def.'s LR 56.1(a) ¶¶ 9-17; Exs. 3C, 3D.) Thus, the record shows that DVA was reasonably careful to prevent sexual harassment, and Francisco took advantage of the preventive measure. *See Burlington Inds., Inc. v. Ellerth*, 118 S. Ct. 2257, 2270 (1998).

In addition, Francisco states that in the Spring of 1999, the alleged harassing ex-supervisor waved and grinned at her. (Pl.'s LR 56.1(b) ¶ 33.) "'[R]elatively isolated' practices of non-severe misconduct will not support a hostile environment claim." *Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 533 (7th Cir. 1993). In this instance, the behavior at issue cannot even be described as "misconduct." Even if it could be characterized as such, the conduct was so isolated and trivial that it did not create a work environment that a reasonable person would find hostile or abusive.

In sum, the Court finds that DVA's acts during the RIF notification period and her ex-supervisor's conduct at the gas station do not give rise to a Title VII sexual harassment claim because such acts were not sufficiently severe or pervasive to interfere with a reasonable person's work performance or one's well-being. Therefore, the Court grants DVA's motion for summary

judgment as to Francisco's sexual harassment claim and denies her cross-motion.

### III. Breach of Settlement Agreement

The Court must make a threshold inquiry of whether it has jurisdiction to enforce Title VII settlement agreements between a federal employee and governmental agency. Neither party has addressed this issue in its memorandum. Regardless of whether jurisdiction is contested, the Court has "an independent obligation to satisfy ourselves that this case really is within the jurisdiction of the federal courts." *Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc.*, 768 F.2d 189, 190 (7th Cir. 1985). The Court therefore enters a briefing schedule and orders the parties to brief solely the issue of jurisdiction over Francisco's breach of settlement agreement claim.

### CONCLUSION

For the foregoing reasons, the Court grants defendant's motion for summary judgment [8-1] as to Francisco's Title VII retaliation and sexual harassment claims, denies Francisco's cross-motion for summary judgment as to those claims, and enters the following briefing schedule on the issue of whether the Court has jurisdiction to enforce Title VII settlement agreements between a federal employee and a government agency: plaintiff's brief due July 19, 2000; defendant's response due August 2, 2000; plaintiff's reply due August 9, 2000.

**SO ORDERED**  ENTERED: June 30, 2000

HON. RONALD A. GUZMAN
**United States Judge**