Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3007 | **DATE** | 5/22/2001 |
| **CASE TITLE** | ELLA M. FRANCISCO vs. TOGO G. WEST, JR. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: The Court grants defendant's motion for summary judgment [8-1] as to Francisco's claim that the DVA breached the settlement agreement, denies Francisco's cross-motion for summary-judgment as to that claim, and hereby terminates this case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | **MAY 2 3 2001** | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | **21** |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| | CG courtroom deputy's initials | FILED FOR DOCKETING  01 MAY 22 PM 3: 32  Date/time received in central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED
MAY 2 3 2001

ELLA M. FRANCISCO,    )
    )
    Plaintiff,    )
    )    **Judge Ronald A. Guzmán**
    vs.    )
    )    **98 C 3007**
TOGO G. WEST, JR., acting    )
Secretary, United States Department    )
of Veterans Affairs,    )
    )
    Defendant.    )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ella Francisco ("Francisco") has sued Togo G. West, Jr. as Secretary of the United States Department of Veterans Affairs ("DVA") for breach of a settlement agreement between the parties. Before the Court are the parties' cross- motions for summary judgment. For the reasons provided in this Memorandum Opinion and Order, the Court grants defendant's motion for summary judgment and denies Francisco's cross-motion.

## FACTS[1]

Francisco is an employee of the DVA. (Def.'s LR 56.1(a) ¶ 1.) In 1995, Francisco, who worked as a contract specialist in Acquisition and Material Management Service at the Chicago Westside Veterans Administration Hospital, filed a complaint with DVA's Equal Employment Opportunity Director alleging that her supervisor had sexually harassed her. (*Id.* ¶ 3.) Francisco

---

[1]The following facts are either undisputed or deemed admitted because the party's response did not refute the other party's statement of fact and/or was unsupported by a citation to the record as required by LR 56.1(a) and LR 56.1(b), which this Court strictly enforces.



and DVA entered a settlement agreement, which required her to withdraw with prejudice her complaint and required DVA to permanently transfer her away from the allegedly harassing supervisor to a position outside of Acquisition and Material Management Service. (*Id.* ¶ 4.)

After Francisco and DVA entered the settlement agreement, DVA transferred Francisco to Recreation Therapy Service at the same hospital. (Pl.'s LR 56.1(b) ¶ 20.) Her job title was Contract Specialist, GS-1102-9, Recreation Therapy Service. (Def.'s LR 56.1(a) ¶ 8.) Her job involved fiscal, budgetary, administrative, and recreation therapy duties. (*Id.*)

In August 1997, DVA implemented a reduction in force plan ("RIF") that eliminated a number of positions at the hospital. (*Id.* ¶ 9.) Although the position that Francisco held at the time of the RIF was not eliminated, she was nonetheless affected by the RIF because other employees whose positions were eliminated had greater retention standing than Francisco. (*Id.* ¶ 10, 11.) Mardie Brown, the individual with the highest retention standing, displaced Francisco in the position of Contract Specialist, Recreation Therapy Service. (*Id.* ¶ 12.)

During the RIF notice period (the period starting with the issuance of the RIF letters and ending with the effective date of the RIF), DVA sent Francisco a RIF letter that informed her that she was being displaced from her position. (*Id.* ¶ 13.) She was offered the position of Claims Clerk, GS-998-5, in Medical Administration Service and accepted the position. (*Id.*)

During the RIF notice period, changes occurred to the initial RIF offers if positions became available which entitled employees to better offers. (*Id.* ¶ 14.) Subsequent to DVA's sending the first RIF letter to Francisco, DVA found that additional vacancies could be added to the list of positions used as RIF offers. (*Id.*) Thus, when the RIF was rerun, DVA issued Francisco a second RIF offer for the position of Secretary (OA), GS-318-06, Audio and Speech

2

Pathology Service, which was a grade level higher than that of the previously offered position. (*Id.*) On June 2, 1997, Francisco accepted the second RIF offer. (*Id.*) On July 30, 1997, DVA issued a third RIF offer of Supply Technician, GS-2005-07, which was a grade level higher than the second RIF offer. (*Id.* ¶ 15.) However, the Supply Technician position would have required Francisco to return to work in Acquisition and Materiel Management Service, the department in which she had worked immediately prior to the settlement agreement. (*Id.*) The third RIF offer letter stated that due to the settlement agreement, DVA was making an alternative placement offer of the Secretary position in Audio and Speech Pathology Service, which was the same offer as that in the second RIF offer. (*Id.*) On July 31, 1997, Francisco declined the Supply Technician position and reaffirmed her acceptance of the second RIF offer. (*Id.* ¶ 15.)

In August 1997, Francisco filed a complaint of discrimination with DVA based on a breach of the settlement agreement. On September 19, 1997, DVA determined that the settlement agreement had not been breached and advised her that she could appeal that determination to the Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations. On October 16, 1997, Plaintiff appealed to the Office of Federal Compliance of the EEOC. Prior to her filing the instant action, more than 180 days had elapsed since the appeal was filed and no final decision had been rendered by the EEOC.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 56(c) allows the Court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In considering the evidence submitted by the parties, we do not weigh it or determine the truth of asserted matters. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We "must view the facts, and all reasonable inferences drawn therefrom, in a light most favorable to the nonmoving party." *Baron v. City of Highland Park*, 195 F.3d 333, 337 (7th Cir. 1999). If a reasonable jury could not find for the party opposing the motion, it must be granted. *Seshadri v. Kasraian*, 130 F.3d 798, 804 (7th Cir. 1995).

The Court instructed the parties to brief the issue whether enforcement of pre-determination settlement agreements[2] is within its jurisdiction. Upon reviewing the parties' briefs in support of jurisdiction, the Court has found that such enforcement is within its jurisdiction.

The Seventh Circuit has held that Congress intended to provide the EEOC with a federal forum to enforce conciliation agreements. *EEOC v. Liberty Trucking Co.*, 695 F.2d 1038, 1040 (7th Cir. 1982). Although the *Liberty Trucking* court did not "reach the question whether a distinction should be made between conciliation agreements, which are statutory creatures and which follow an EEOC investigation and determination of reasonable cause, and settlement agreements which are a device created by the EEOC to resolve complaints prior to investigation," the Court noted that its decision "turn[ed] on the voluntary nature of conciliation

---

[2] A pre-determination settlement agreement is "a contract between a complaining employee and the allegedly discriminatory employer that is reached with the aid of the EEOC prior to an EEOC determination of the merits of the complaining employee's charge of discrimination." *Brewer v. Muscle Shoals Bd. of Educ.*, 790 F.2d 1515, 1519 (11th Cir. 1986).

agreements and not upon an administrative finding of reasonable cause." *Id.* at 1044 n.7.

Recognizing that settlement agreements are just as effective as conciliation agreements in promoting voluntary compliance with Title VII, other courts have held actions to enforce pre-determination settlement agreements are ones brought under Title VII and accordingly, federal courts have jurisdiction over such actions. *Eatmon v. Bristol Steel & Iron Works, Inc.*, 769 F.2d 1503, 1513 (11th Cir. 1985); *EEOC v. Henry Beck Co.*, 729 F.2d 301, 305-06 (4th Cir. 1984); *Sherman v. Standard Rate Data Serv., Inc.*, 709 F. Supp. 1433, 1440 (N.D. Ill. 1989).

The Court finds *Liberty Trucking* instructive and *Eatmon*, *Beck*, and *Sherman* persuasive. Because the Court sees no reason to differentiate between conciliation and settlement agreements as they relate to jurisdiction, the Court holds that it has jurisdiction over Francisco's claim that the DVA breached the pre-determination settlement agreement.

Having found that it has jurisdiction over the claim of breach of the settlement agreement, the Court now addresses the issue whether the DVA breached the settlement agreement at issue. The settlement agreement at issue provides in pertinent part: "The Department of Veterans Affairs agrees to . . . permanently reassign complainant . . . to a position outside of Acquisition & Materiel Management Service at the same grade and pay that the complainant is currently receiving . . . ." (Def.'s LR 56.1(a) ¶ 4; *id.* Ex. 1 at 1.)

Francisco argues that the DVA's implementation of the RIF breached this provision of the settlement agreement. The Court disagrees.

It is undisputed that Francisco has not worked in the Acquisition and Materiel Management Service department since September 1995. (*Id.* ¶ 17.) Therefore, regardless of whether the DVA's third RIF offer was for a position of Supply Technician in Acquisition and

Material Management Service and regardless of whether she remained on the official Acquisition & Materiel Management Service payroll for a period of time after her transfer from that department to the Recreational Therapy department, the uncontroverted fact is that she never again worked in the Acquisition & Materiel Management Service department after the parties entered into the settlement agreement.

Moreover, the settlement agreement does not state that Francisco would be impervious to RIFs or any other kind of employment action. The Court cannot reasonably infer from such a silence that Francisco had lifetime appointment regardless of the quality of her performance or any uncontrollable economic factors. The settlement agreement in no way prohibits the DVA's making a RIF offer of employment in the Acquisition & Materiel Management Service department and retracting such an offer in light of the settlement agreement. Further, the settlement agreement does not prohibit the DVA from paying Francisco from the official payroll of the Acquisition & Materiel Management Service department for a period of time even though she was transferred to the Recreational Therapy department.

Further, the Court finds that Francisco's reliance on paragraph 3(e) of the settlement agreement unavailing. That paragraph provides: "Both parties also stipulate that . . . [t]his agreement constitutes the entire agreement and there are no other terms to this agreement except those specified therein." (Def.'s LR 56.1(a) Ex. 1 at 2.) Although Francisco argues that this provision bolsters her theory that she was protected from RIFs, the Court finds that the paragraph actually cuts against her theory. If the DVA and Francisco had agreed to make Francisco immune from RIFs, they surely would have provided for such immunity in the terms of the settlement agreement itself. The parties did not do so and the Court declines to add an additional

term to the settlement agreement by deciphering its silences.

Based on the undisputed facts in the record, the Court finds that no reasonable jury could find in favor of Francisco. The Court therefore grants defendant's motion for summary judgment and denies plaintiff's cross-motion regarding the DVA's alleged breach of the settlement agreement.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion for summary judgment [8-1] as to Francisco's claim that the DVA breached the settlement agreement, denies Francisco's cross-motion for summary judgment as to that claim, and hereby terminates this case.

**SO ORDERED**

ENTERED: MAY 2 2 2001

HON. RONALD A. GUZMAN
**United States Judge**

7